UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:18-cr-0092-JMS-DML |
| | ) | |
| DAKOTA SOVERN, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On February 18, and May 31, 2022, the Court held hearings on the Petition for Warrant or Summons for Offender Under Supervision filed on February 10, 2022, and a supplemental Petition for Warrant or Summons for Offender Under Supervision filed on May 3, 2022. Defendant appeared in person with his appointed counsel Michael Donahoe on February 18, 2022, and by FCD counsel Joseph Cleary for FCD counsel Michael Donahoe on May 31, 2022. The government appeared by AUSA Abhishek Kambli on February 18, 2022, and by AUSA Jeremy Fugate on May 31, 2022. U. S. Parole and Probation appeared by Officer Troy Adamson.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Sovern of his rights and ensured he had a copy of the Petition and the Supplemental Petition. Defendant Sovern orally waived his right to a preliminary hearing.

2. The Government orally moved to dismiss the violations set forth in the supplemental Petition for Warrant or Summons for Offender Under Supervision filed on May 3, 2022 [Dkt. 57], which motion was granted by the Court, and violation nos. 4 and 5 were dismissed.

3. After being placed under oath, Defendant Sovern admitted violation nos. 1, 2, and 3 as set forth in the Petition for Warrant or Summons for Offender Under Supervision filed on February 10, 2022 [Dkt. 46]. [*See* Dkt. 51.]

3. The allegations to which Defendant admitted, as fully set forth in the Petition, are:

| **Violation Number** | **Nature of Noncompliance** |
| --- | --- |
| 1 | **"You must refrain from any unlawful use of a controlled substance."**<br><br>As previously reported to the Court, on On September 27, and October 21, 2021, the offender submitted urine samples which tested positive for marijuana. He admitted using the substance on both occasions. On November 24, 2021, Mr. Sovern submitted a urine sample which tested positive for marijuana and cocaine. Prior to this officer collecting the sample, he admitted using marijuana and said he purchased and used "pills" made in a homemade press which likely contained cocaine. On January 18, 2022, Mr. Sovern submitted a urine sample which tested positive for cocaine. Prior to this officer collecting the sample, he again admitted purchasing and using "pills" made in a homemade press which likely contained cocaine. |
| 2 | **"You shall reside in a residential reentry center (RRC) for term of up to 180 days. You shall abide by the rules and regulations of the facility."**<br><br>On January 31, 2022, the Court modified Mr. Sovern's conditions of supervision to include placement in the RRC. On February 7, 2022, he entered the facility. On February 8, 2022, the offender went to the hospital as he was feeling ill from detoxing. Later that evening, he returned to the RRC and advised he would be leaving to check into Valle Vista Health in |

        Greenwood, Indiana, for detoxification and treatment. Staff advised him he could not just leave the facility, and needed permission. Mr. Sovern advised he was going with or without permission, and would deal with the consequences later. On February 10, 2022, the probation officer verified the offender is not at patient at Valle Vista Health in Greenwood, and his current whereabouts is unknown.

3      **"You shall report to the probation officer in a manner and frequency directed by the court or probation officer."**

        As noted in violation number 2, the offender walked out of the RRC on February 8, 2022.  The probation officer has attempted to communicate with him by texting and calling his last known number and requesting he contact the officer; however, the offender appears to be intentionally avoiding contact.

4. The Court finds that:

    (a)    The highest grade of violation is a Grade B violation.

    (b)    Defendant's criminal history category is III.

    (c)    The range of imprisonment applicable upon revocation of supervised release, therefore, is 8 to 14 months' imprisonment.

5. The parties jointly recommended a sentence of thirteen (13) months incarceration with no supervised release to follow.  Defendant requested placement at FCI Oxford, Wisconsin or FCI Milan, Michigan.

The Magistrate Judge, having considered the factors set forth in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions set forth in the Petition, and recommends that Defendant's supervised release be revoked, and that Defendant be sentenced to the custody of the Attorney General or his designee for a period of thirteen (13) months, with no supervised release to follow.  The Magistrate Judge further recommends Defendant's placement at FCI Oxford, Wisconsin or FCI Milan, Michigan.  The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.  The parties waived the fourteen-day period to object to the Report and Recommendation.

Dated:  2 JUN 2022

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system